UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

UNITED STATES OF AMERICA,

Plaintiff(s),

v.

PAUL SHAWN IWATSU,

Defendant(s).

Case No. 2:18-CR-284 JCM (VCF)

ORDER

Presently before the court is Oliver Calix Pamogas's ("defendant") motion for compassionate release. (ECF No. 85). Following appointment of counsel (ECF No. 87), defendant filed a supplement to his motion (ECF No. 89). The United States of America ("the government") filed a response (ECF No. 90), to which defendant replied (ECF No. 91).

Also before the court is defendant's motion for leave to file exhibits under seal. (ECF No. 89).

**I. Background**

As relevant to this motion, the court sentenced defendant to 60 months' incarceration on September 17, 2019, for conspiring to distribute methamphetamine. (ECF Nos. 61; 62; 63). While defendant has been incarcerated, the novel strain of coronavirus and COVID-19, the resultant respiratory disease, has run rampant throughout the country and the world. While the court need not reiterate the well-known effects COVID-19 has had on day-to-day life, certain populations are particularly at risk of "severe illness" from the virus: the elderly, asthmatic,

immunodeficient, and people with HIV. *See* Center for Disease Control, *People Who Are at Higher Risk for Severe Illness,* (April 2, 2020).[1]

The CDC's list of at-risk persons has expanded, and new studies on COVID-19 vis-à-vis comorbidities continue to be promulgated. *Id.*; *see also, e.g.*, Xianxian Zhao, et al., *Incidence, clinical characteristics and prognostic factor of patients with COVID-19: a systematic review and meta-analysis* (March 20, 2020);[2] Safiya Richardson, et al., *Presenting Characteristics, Comorbidities, and Outcomes Among 5700 Patients Hospitalized With COVID-19 in the New York City Area* (April 22, 2020).[3]

Defendant moves this court for compassionate release, arguing that his diabetes at 46 years old puts him at an acute risk of contracting COVID-19. (ECF No. 88 at 2). The government opposes the motion because defendant has not exhausted his administrative remedies, as required by the First Step Act, 18 U.S.C. § 3582(c)(1)(A). (ECF No. 90). The government further argues that this court should deny the motion on its merits. *Id.*

**II. Legal Standard**

"Even though courts ordinarily have the inherent authority to reconsider its prior orders, such authority does not exist when there is an "express rule to the contrary." *United States v. Barragan-Mendoza*, 174 F.3d 1024, 1028 (9th Cir. 1999). One such contrary rule exists in the sentencing context: "A court generally may not correct or modify a prison sentence once it has been imposed." *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003) (citing 18 U.S.C. § 3582(c)). Thus, the court may modify a sentence only when expressly authorized by statute.

The court is expressly authorized to modify a sentence under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018). 18 U.S.C. § 3582(c)(1)(A). However, courts may consider compassionate release only "upon motion of the Director of the Bureau of Prisons . . . ." *Id.* If a

---

[1] Available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html.

[2] Available at https://www.medrxiv.org/content/10.1101/2020.03.17.20037572v1.full.pdf.

[3] Available at https://jamanetwork.com/journals/jama/fullarticle/2765184.

defendant wants to file such a motion with the court, he must fully exhaust his administrative remedies before doing so. *Id.* Since the enactment of the First Step Act, a defendant may file a compassionate-release motion if his application to the BOP goes unanswered for thirty days. *Id.*

To be eligible for compassionate release, a defendant must demonstrate: (1) the existence of extraordinary and compelling reasons, and (2) that he is not a danger to the community. 18 U.S.C. § 3582(c)(1)(A); USSG § 1B1.13. Under USSG § 1B1.13, "extraordinary and compelling reasons" include, amongst other things, terminal illnesses and medical conditions "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." USSG § 1B1.13.

**III. Discussion**

As an initial matter, the court grants defendant's motion to file under seal. (ECF No. 89). Defendant attaches medical documents and records, which are confidential and appropriately filed under seal. *Id.*

The court now turns to the substance of defendant's motion. The court first addresses the government's contention that this court lacks jurisdiction to entertain the instant motion until defendant exhausts his administrative remedies. (*See generally* ECF No. 90). The court acknowledges, as the government points out, that two judges in this district have found that the administrative exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A) is strictly nonwaivable. *See, e.g.*, *United States v. Cooper*, Case No. 2:14-cr-0228-JAD-CWH (D. Nev. Apr. 29, 2020); *United States v. Cardenas*, Case No. 2:11-cr-0414-APG-CWH (D. Nev. Apr. 29, 2020). Indeed, other courts in this circuit have similarly found that they lack jurisdiction until the defendant has exhausted his administrative remedies. *United States v. Gillis*, 2020 WL 1846792, *2 (C.D. Cal. Apr. 9, 2020); *United States v. Aguila*, 2020 WL 1812159, *1 (E.D. Cal. Apr. 9, 2020); *United States v. Holden*, 2020 WL 1673440, *10 (D. Or. Apr. 6, 2020).

However, a significant number of courts have nonetheless waived the administrative exhaustion requirement, particularly due to the rapid spread of COVID-19. *See, e.g.*, *United States v. Zukerman*, 16-CR-194, 2020 WL 1659880 (S.D.N.Y. Apr. 3, 2020); *United States v.*

James C. Mahan
U.S. District Judge

*Perez*, ___ F.Supp.3d ___, 2020 WL 1546422 (S.D.N.Y. Apr. 1, 2020). Another court "expressed its skepticism regarding its authority to grant" compassionate release without *some* administrative exhaustion and set a one-week response deadline in lieu of the statutory 30 days. *See United States v. Gross*, No. 15-CR-769 (AJN), 2020 WL 1673244, at *3 (S.D.N.Y. Apr. 6, 2020).

These are unprecedented times. As a result of the rapidly-evolving circumstances surrounding the novel coronavirus pandemic, this court has entertained compassionate release motions where there had been no meaningful response to a defendant's administrative application, *see United States v. Atkinson*, No. 2:19-CR-55 JCM-CWH, 2020 WL 1904585 (D. Nev. Apr. 17, 2020), and where an asthmatic defendant was only a few days short of the 30-day mark, *see United States v. Gorai*, No. 2:18-CR-220-JCM-CWH, 2020 WL 1975372 (D. Nev. Apr. 24, 2020). Thus, while the court has been willing to waive strict compliance with the administrative-exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A), the court has required at least substantial compliance.

Here, defendant does not contend that he has requested compassionate release from the Bureau of Prisons ("BOP") or the warden of FCI Big Spring, where he is incarcerated. (*See generally* ECF Nos. 85; 88). Instead, defendant summarily avers that "[t]he futility and potentially irreparable harm [he] would suffer by being forced to wait at least 30 days for the warden to respond to his compassionate release request or to exhaust his administrative remedies are manifest." (ECF No. 88 at 6). Defendant goes on to critique the BOP's response to the unprecedented COVID-19 pandemic. *Id.* at 7; (*see also* ECF No. 91 at 3). Although defendant argues that the BOP's response has been inadequate and that he is at imminent risk of contracting the coronavirus, the government notes that FCI Big Spring has no confirmed cases of COVID-19. (ECF No. 90 at 19).

Instead, in his reply, defendant argues that 18 U.S.C. § 3582(c)(1)(A) is a "claims processing rule" that can be waived or excused, rather than a jurisdictional requirement. (ECF No. 91 at 4–7). Defendant characterizes the administrative exhaustion requirement in the context of compassionate release as "a quasi-exhaustion right-of-first refusal rule." *Id.* at 7. This

argument is novel, and at least one court has adopted this interpretation in response to the instant pandemic. *See United States v. Haney*, ___ F.Supp.3d ___, 2020 WL 1821988 (S.D.N.Y. Apr. 13, 2020).

Even taking defendant's right-of-first-refusal-rule argument as true, the court declines defendant's invitation to waive the exhaustion requirement and entertain his motion at this time. Defendant has not formally filed a request for release. Defendant has not informally requested release. It does not appear that defendant has even discussed compassionate release with the warden or other officials at FCI Big Spring. Thus, defendant has not even attempted to exhaust his administrative remedies or shown that attempting to do so would be futile. Accordingly, the court denies his motion without prejudice. (ECF No. 85).

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion for compassionate release (ECF No. 85) be, and the same hereby is, DENIED without prejudice.

IT IS FURTHER ORDERED that defendant's motion to seal (ECF No. 89) be, and the same hereby is, GRANTED.

DATED May 22, 2020.

James C. Mahan

UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**